**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Allen Clark,<br><br>    Plaintiff,<br><br>v.<br><br>Ted A Rea, et al.,<br><br>    Defendants. | No. CV-24-02442-PHX-DWL<br><br>**ORDER** |

On September 25, 2024, the Court granted Plaintiff's application to proceed in forma pauperis, screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the complaint with leave to amend. (Doc. 6.) The Court explained that the complaint did "not make sense" such that it was "impossible to discern what happened (if anything)." (*Id.* at 2-3.)

On October 3, 2024, Plaintiff filed a first amended complaint ("FAC") (Doc. 8), as well as a motion to allow electronic filing (Doc. 7), a motion that appears to seek injunctive relief against a nonparty (Doc. 9), a "memorandum" regarding a purported attachment that apparently was not attached (Doc. 10), and a document titled "arbitration award" that was docketed as a motion (Doc. 11).

The October 3, 2024 filings, including the FAC, are incoherent. It is impossible for the Court to discern what happened, if anything, to give rise to this lawsuit.

The Court will therefore dismiss this action without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e). See *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly,

**IT IS ORDERED** that the FAC (Doc. 8) is **dismissed without leave to amend**. The Clerk of Court shall terminate the action.

**IT IS ORDERED** that Plaintiff's other motions (Docs. 7, 9, 11) are **denied as moot**.

Dated this 21st day of October, 2024.

Dominic W. Lanza
United States District Judge

- 2 -